UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMIE LEIGH JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-2719 |
| | § | |
| HALLIBURTON COMPANY D/B/A KBR | § | |
| KELLOGG BROWN & ROOT (KBR), | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the KBR Defendants' Motion to Exclude Expert Testimony of Dr. Susan Blank (Doc. No. 178) and the KBR Defendants' Motion to Exclude Expert Testimony of Randall L. Tackett, Ph.D. (Doc. No. 179). Upon considering the Motions, all responses thereto, and the applicable law, the Court finds that the KBR Defendants' Motion to Exclude Expert Testimony of Dr. Susan Blank (Doc. No. 178) must be denied and the KBR Defendants' Motion to Exclude Expert Testimony of Randall L. Tackett, Ph.D. (Doc. No. 179) must be granted in part and denied in part.

**I.    BACKGROUND**

This lawsuit arises from events that occurred while Plaintiff Jamie Leigh Jones ("Plaintiff" or "Jones") was employed by Defendants Halliburton Company d/b/a KBR Kellogg Brown & Root (KBR), Kellogg Brown & Root, Services, Inc., Kellogy Brown & Root International, Inc., Kellogg Brown & Root, LLC, Kellogg Brown & Root, Inc., Kellogg Brown & Root (KBR), Inc., KBR Technical Services, Inc., and Overseas Administrative Services, Ltd. (collectively, the "KBR Defendants").

1

In July, 2005, Jones flew to Dubai, in the United Arab Emirates, and then on to Iraq to begin her overseas work assignment with the KBR Defendants. Jones alleges that, a few days after her arrival in Iraq, she was sexually assaulted by Defendant Charles Bortz ("Bortz").

Jones filed suit against the KBR Defendants, Bortz, Eric Iler, and several John Doe rapists. In her Fourth Amended Complaint, Jones asserts claims of (1) negligence by the some of the KBR Defendants; (2) negligent undertaking by the KBR Defendants; (3) sexual harassment and hostile work environment created by the KBR Defendants; (4) retaliation by the KBR Defendants; (5) breach of contract by the KBR Defendants; (6) fraud in the inducement to enter the employment contract by the KBR Defendants; (7) fraud in the inducement to agree to arbitration by the KBR Defendants; (8) assault and battery by Bortz and the John Doe rapists; and (9) intentional infliction of emotional distress by the KBR Defendants.[1] (Doc. No. 53.) The KBR Defendants have moved to exclude the opinions proffered by two of Jones's designated experts. Jones has responded. The motions are ripe for disposition.

## II.    MOTIONS TO EXCLUDE

The KBR Defendants have moved to exclude the expert opinions of Plaintiff's experts Susan Blank, M.D., and Randall Tackett, Ph.D.

### A. Legal Standard

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Reliability is analyzed under Rule 702, which requires that: (1) the testimony is based upon sufficient facts or data, (2) the

---

[1] Jones also asserted a claim of negligence by Defendant United States of America, but later dismissed this claim. (Doc. Nos. 38, 68.)

2

testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. As to the second prong, the Supreme Court has provided five, non-exclusive factors to consider when assessing whether a methodology is scientifically reliable. These factors are (1) whether the expert's theory can be or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593-94. The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999). The party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are reliable, but need not show that the expert's findings and conclusions are correct. *Moore v. Ashland Chem, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Experts are permitted to render opinions even if based on inadmissible evidence so long as the inadmissible evidence is of the type reasonably relied upon by experts in that field. *See* Fed. R. Evid. 703; *Daubert*, 509 U.S. at 595. Inadmissible facts or data that serve as a basis for the expert's opinion may not be disclosed to the jury by the proponent of the expert testimony unless a court determines "that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.

Further, the expert witness must be qualified "by knowledge, skill, experience, training, or education . . . ." Fed. R. Evid. 702. A court must exclude an expert witness "if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999); However, "Rule 702 does not mandate that an expert be

highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (citing *Daubert*, 509 U.S. at 596).

The party seeking to rely on expert testimony bears the burden of establishing, by a preponderance of the evidence, that all requirements have been met. *Daubert*, 509 U.S. at 593, n.10; *Moore*, 151 F.3d at 276.

### B. Susan Blank, M.D.

Jones has designated Susan Blank, M.D. ("Dr. Blank") to testify at trial as to her opinion that Jones suffers from Post-Traumatic Stress Disorder ("PTSD"). (Doc. No. 125, 125-4.) Dr. Blank is a board-certified psychiatrist who holds additional board certifications from the National Board of Forensic Examiners and the National Board of Addiction Medicine. She specializes in treating individuals with co-occurring disorders, such as addiction alongside chronic pain or psychiatric disorders. (Blank Dep. 11:8-11.) Dr. Blank has approximately twenty years of experience working as a provider and administrator of psychiatric services in institutional and individual settings. Several years of this experience involved treating individuals with anxiety disorders such as PTSD. (Blank Dep. 12:5-17.) In arriving at her expert opinion, Dr. Blank reviewed numerous medical records, including some prior psychological evaluations and psychological testing done of Jones, and conducted an outpatient interview with Jones. (Blank Report at 2-4.) Dr. Blank's report includes a narrative of Jones's medical, family, and work history, the history of Jones's present illness, Jones's current symptoms, and a mental status examination. In addition, Dr. Blank's report includes the diagnostic criteria of PTSD contained in the Diagnostic and Statistical Manual of Mental Disorders, 4th edition ("DSM-IV")

and her opinion regarding which of these criteria are displayed by Jones. (Blank Report at 16-18.)

The KBR Defendants argue that Dr. Blank's expert opinion should be excluded as unreliable under Rule 702 because Dr. Blank's methodology does not comport with generally accepted standards in the scientific community. Specifically, the KBR Defendants note that Dr. Blank did not administer personality or psychological tests, did not use a published diagnostic instrument, did not keep records of the questions she asked Jones, and did not verify the accuracy of Jones's statements during the examination. Jones responds that Dr. Blank's use of the DSM-IV constitutes the use of an accepted methodology, that Dr. Blank did not need to administer psychological testing in this case, and that Dr. Blank's role does not involve independently verifying Jones's statements.

Dr. Blank's expert opinion, based upon an application of the DSM-IV's diagnostic criteria to Jones's self-reporting and medical records, is reliable under *Daubert* and Rule 702. As courts have noted, the DSM-IV is "the standard reference work for mental disorders." *United States v. Rodriguez*, 581 F.3d 775, 808 (8th Cir. 2009); *see also S.M. v. J.K.*, 262 F.3d 914, 920-921 (9th Cir. 2001). Courts have refused to exclude the expert opinion of mental health professionals whose diagnoses of PTSD and other mental disorders are based upon the criteria outlined in the DSM-IV (and prior editions). *See S.M.*, 262 F.3d at 921; *Munafo v. Metro. Transp. Auth.*, 2003 U.S. Dist. LEXIS 13495, *62 (E.D.N.Y. Jan. 22, 2003). Although other diagnostic tests for PTSD exist, Dr. Blank's testimony is not rendered fundamentally unsound by her decision not to administer these other tests. *See Trafton v. Sunbury Primary Care, P.A.*, 689 F. Supp. 2d 198, 204 (D. Me. 2010) (absence of testing in physician's diagnosis of PTSD can be exposed through cross-examination or competing expert testimony). Her application of the

DSM-IV diagnostic criteria and the conclusion she reaches are within the "range where experts might reasonably differ, and where the jury must decide among the conflicting views." *Kumho Tire Co.*, 526 U.S. at 153. Similarly, the absence of other personality and psychological testing, though they may have provided additional weight to Dr. Blank's expert opinion, does not render her opinion unreliable. As to any failure by Dr. Blank to take into account discrepancies between Jones's statements and the documentary evidence, these purported weaknesses in testimony go to the weight rather than the admissibility of Dr. Blank's opinions. *See United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.").

We are not persuaded by *Alvarado v. Shipley Donut Flour & Supply Co.*, No. H-06-2113, 2007 WL 4480134 (S.D. Tex. Dec. 18, 2007), in which the court excluded a psychiatrist's expert diagnosis that the twelve plaintiffs suffered from PTSD. The psychiatrist in *Alvarado* had conducted a group interview of the plaintiffs, followed by individual interviews, in arriving at her diagnosis. The *Alvarado* court found fault with the psychiatrist's methodology because she had failed to administer psychometric testing, had failed to keep records of her questions to plaintiffs, and had failed to place adequate weight upon certain diagnostic features of PTSD that are outlined in the DSM-IV. Respectfully, these deficiencies in the psychiatrist's opinion are exactly the type of weaknesses to be explored in cross-examination and the presentation of differing expert opinion. It is the jury, not the court, that must decide the weight to be given to an expert's testimony as long as we are persuaded that a sufficient factual basis and methodology has been applied. We so conclude here. We deny the KBR Defendants' motion to exclude Dr. Blank's testimony.

6

### C. Randall Tackett, Ph.D.

Jones has designated Randall L. Tackett, Ph.D. ("Tackett") to testify at trial as to his opinion that Jones was a victim of a drug facilitated sexual assault. Tackett holds a Ph.D. in pharmacology and toxicology. (Tackett Report at 1.) He defines "pharmacology" as the "medical science that deals with the discovery, composition, identification, biological/pharmacological effects, and uses of drugs." (*Id.*) He defines "toxicology" as the "discipline that addresses the toxic effects of drugs and chemicals." (*Id.*) He is a professor in the Department of Clinical & Administrative Pharmacy at the University of Georgia College of Pharmacy. (*Id.*) He describes "over 30 years of experience and training in pharmacology and toxicology," which includes teaching, lectures on the actions and side effects of drugs (including those used in drug facilitated sexual assaults), presentations to health and legal professionals, publications in the field, and testimony in court on these topics.

Tackett arrived at his opinion by reviewing statements of Jones, Bortz, Pete Arroyo, Sara Tumbarella, and Tyler Schmidt, documents from the Department of State investigation, a toxicology test performed on Jones, and a psychological report of Dr. Robert Brinzendine. (Tackett Report at 2; Tackett Dep. 19:1-20:25.) He relied on his own research, training, and knowledge of drugs such as flunitrazepam (Rohypnol), gamma hydroxybutyrate (GHB), and ketamine, including the actions of these drugs on the body, the impairment produced, and the absorption, distribution, metabolism, and excretion of these drugs. In addition, he relied upon a training manual entitled "Successfully Investigating Acquaintance Sexual Assault: A National Training Manual for Law Enforcement," which outlines several indicators of a drug facilitated sexual assault. In his deposition, Tackett testified largely regarding the differences between an alcohol-induced blackout and Rohypnol (Tackett Dep. 10:24-15:2), the sexual behavior of a

person acting under the influence of Rohypnol (*Id.* 16:13-17:21), the absorption rate and effects of alcohol upon the body (*Id.* 26:7-30:15), and his consideration of the factors indicating the presence of a drug facilitated sexual assault (*Id.* 111:24-116:1.)

After reviewing the documents provided, the indicators of a drug facilitated sexual assault, and his own knowledge of relevant drugs, Tackett concluded that Jones's symptoms and experiences, such as memory loss and physical injuries, indicated that she had been under the influence of drugs and assaulted on the night in question. (Tackett Report at 5; Tackett Dep. 15:10-11, 30:9-16.)

The KBR Defendants seek to exclude Tackett's testimony on three grounds. First, they contend that the proffered opinion is outside Tackett's area of expertise. Second, they argue that Tackett's methodology, based upon his review of Jones's reports and his personal perceptions, is unreliable. Finally, they object to Tackett's testimony on the ground that his opinion on Jones's sexual assault invades the province of the jury.

As to the KBR Defendants' first and third grounds for excluding Tackett's expert opinion regarding the fact of sexual assault, we agree. Tackett does not possess the qualifications to conclude that Jones was sexually assaulted. Tackett is a pharmacologist and toxicologist by training and experience. He is not a physician and so does not possess the qualifications to review evidence of Jones's alleged physical injuries and draw a conclusion that she was sexually assaulted. Even if Tackett did possess the qualifications to render an opinion on the fact of sexual assault, "assault and battery" is one of the key legal claims brought by Jones against Bortz and, through a theory of vicarious liability, against the KBR Defendants. Under Rule 704(a), "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a);

8

*United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999). "Rule 704, however, does not open the door to all opinions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Expert witnesses may neither tell the jury what result to reach nor provide legal conclusions. *Id.* Tackett's testimony that Jones suffered a sexual assault (regardless of whether it was drug facilitated in nature) embraces the ultimate issue of fact to be decided by the jury—i.e., whether Bortz assaulted Jones. *See Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006) (trial court's exclusion of expert opinion that there was no direct evidence of copying in copyright infringement case was proper, since opinion squarely addressed the ultimate issue of fact). In addition, Tackett's statement that Jones suffered a sexual assault goes beyond providing relevant information that would be useful to the trier of fact and actually opines on the credibility and reliability of Jones. *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) ("Weighing evidence and determining credibility are tasks exclusive to the jury, and an expert should not offer an opinion about the truthfulness of witness testimony.") As such, we exclude that portion of Tackett's expert opinion that concludes Jones was the victim of a sexual assault.

As to the KBR Defendants' second ground for excluding Tackett's expert opinion, we acknowledge that Tackett's opinion was based on Jones's self-reported description of the events in question and a subset of relevant medical records and depositions. In addition, we note that Tackett did not interview Jones himself in order to assess her credibility. However, Tackett did base his opinion on a review of relevant records regarding the events surrounding Jones's alleged assault, including witness statements, Department of State investigation notes, medical records, a toxicology report, Jones's psychological examination, and relevant scientific literature. Generally, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's

consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). The KBR Defendants and Bortz can certainly attack the bases of Tackett's testimony on cross-examination and highlight any deficiency in his consideration of the relevant records. We decline to exclude Tackett's expert opinion on this ground.

In sum, our ruling is that Tackett cannot provide an opinion concluding that Jones was a victim of a sexual assault. However, Tackett can provide his expert opinion regarding the effects of drugs and alcohol upon the body, drugs that are commonly used to facilitate sexual assault, the observable behavior of individuals under the influence of such drugs, and the use of toxicology reports to determine whether an individual is the victim of a drug facilitated sexual assault. In addition, Tackett can testify whether, based on his professional training, experience, and knowledge of pharmacology and toxicology, Jones's symptoms and experiences, as reflected in the documents he reviewed, are consistent those of individuals who are victims of drug facilitated sexual assaults. *See Nichols*, 154 F.3d at 884 (allowing psychiatric expert testimony that diagnosed plaintiff and provided an opinion as to the type of event that may have caused or aggravated her condition, but leaving it to the jury to decide whether such events actually occurred).

### III. CONCLUSION

The KBR Defendants' Motion to Exclude Expert Testimony of Dr. Susan Blank (Doc. No. 178) is **DENIED**. The KBR Defendants' Motion to Exclude Expert Testimony of Randall L. Tackett, Ph.D. (Doc. No. 179) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

**SIGNED** this the 13th day of May, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE