IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMIE LEIGH JONES,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-07-2719 |
| HALLIBURTON COMPANY d/b/a<br>KBR KELLOGG BROWN & ROOT<br>(KBR); KELLOGG BROWN &<br>ROOT SERVICES, INC.; KELLOGG<br>BROWN & ROOT<br>INTERNATIONAL, INC.;<br>KELLOGG BROWN & ROOT, LLC;<br>KELLOGG BROWN & ROOT, INC.;<br>KELLOGG BROWN & ROOT, S. de<br>R.L.; KELLOGG BROWN & ROOT<br>(KBR), INC.; KBR TECHNICAL<br>SERVICES, INC.; OVERSEAS<br>ADMINISTRATIVE SERVICES,<br>LTD.; ERIC ILER, CHARLES<br>BOARTZ; SEVERAL JOHN DOE<br>RAPISTS and THE UNITED STATES<br>OF AMERICA,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## DEFENDANT CHARLES BORTZ'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SUBSEQUENT ASSAULT INCIDENTS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, Charles Bortz ("Bortz"), Defendant in the above-entitled action, and files this Brief in Support of Motion in Limine to Exclude Evidence of Subsequent Assault Incidents, and would show as follows:

## EVIDENCE TO BE EXCLUDED

During his January 18, 2011 deposition, Defendant Charles Bortz was questioned about his personal history of criminal conduct. In response, Bortz identified the following two incidents:

- A 2006 arrest for an assault in Fort Walton Beach, Florida stemming from an incident involving an intoxicated girlfriend who initiated the incident.[1] Bortz completed an anger management course and the charges were dropped.[2]

- A 2010 arrest for simple assault in Columbia, South Carolina stemming for an incident involving an ex-girlfriend who pushed Bortz and he responded by pushing back.[3] Bortz completed an anger management course in connection with this incident.[4]

Bortz now moves to exclude these two incidents from evidence at the trial of this case because (1) they are not probative of Jamie Leigh Jones' accusation that Bortz raped her; (2) evidence of these subsequent arrests would be highly prejudicial to Bortz; and (3) such character or "propensity" evidence is inadmissible under FED.R.EVID. 404(b).

### A. *The 2006 and 2010 arrests are not probative of whether Bortz raped Jamie Leigh Jones.*

Bortz's 2006 and 2010 arrests are not probative of whether Bortz raped Jamie Leigh Jones in July 2005 (as she claims in the instant case). First, the two assaults identified by Bortz during his deposition occurred *subsequent* to the alleged rape of Jones and thus do not show a previous pattern of *anything*. Secondly, the offense of simple assault is entirely different from the offense of rape.

---

[1] Deposition of Charles Bortz (taken January 18, 2011), p.15, ln.11 through p.16, ln.5.
[2] *Id.* at p.18, ln.12 through ln.24.
[3] *Id.* at p.19, ln.4 through p.20, ln.2.
[4] *Id.* at p.20, ln.10 through ln.14.

**B.**     *Admitting evidence of the 2006 and 2010 arrests will be unduly prejudicial to Bortz.*

The only possible reason Jones could have for offering evidence of Bortz's subsequent assault offenses is to make the jury believe that Bortz is a "bad" person who is prone to physical violence, and thus he must have raped Jones. Permitting the jury to draw such a conclusion would be unduly prejudicial to Bortz.

Because these subsequent assault arrests completely lack any probative value to the issue in this case, they should be excluded under FED.R.EVID. 401 and 402. In the alternative, the Court should exclude this evidence under FED.R.EVID. 403 because the danger of unfair prejudice to Bortz and misleading the jury substantially outweighs any probative value that Jones might argue such evidence has.

**C.**     *The 2006 and 2010 arrests are inadmissible under FED.R.EVID. 404(b).[5]*

The 2006 and 2010 arrests are exactly the type of character or "propensity" evidence that is properly excluded under FED.R.EVID. 404(b). Rule 404(b) prohibits evidence of a defendant's other bad acts intended to show that his conduct in the present case was in conformity therewith. *United States v. Mendoza*, 587 F.3d 682, 689 (5th Cir. 2009); *United States v. Fitzgerald*, No. 97-30270, 1997 WL 759348, at *1 (5th Cir. 1997). Although propensity evidence may be admissible for limited purposes (*i.e.*, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence

---

[5] Nor is the evidence of Bortz's subsequent arrests for simple assaults admissible under FED.R.EVID. 415, a rule that provides for admission of similar acts in civil cases concerning sexual assault. Rule 415 provides an express exception to Rule 404(b)'s blanket prohibition on propensity evidence. *See, Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000); *Martinez v. Cui*, 608 F.3d 54, 59 (1st Cir 2010)(noting purposes of drafters of Rule 415 was "to supersede Rule 404(b)'s prohibition on evidence of like conduct showing propensity in sexual assault cases."). Obviously, simple assault is not conduct equivalent to that of sexual assault such that it would be admissible under Rule 415. Similarly, FED.R.EVID 609 does not provide an avenue of admissibility for the subsequent assault arrests. Rule 609 reaches only felonies and crimes involving dishonesty or false statements. *See,* FED.R.EVID 609; *United States v. Hayes*, 553 F.2d 824, 827 (2nd Cir. 1977)(noting that "crimes of force, such as armed robber or assault…or crimes of stealth, such as burglary…or petit larceny…do not come within this clause.").

of mistake or accident"), those circumstances are not present in this case. *See, Mendoza*, 587 F.3d at 689; FED.R.EVID. 404(b).

The Fifth Circuit has held that in order to be admissible under Rule 404(b), extrinsic evidence must satisfy two criteria: (1) it must be relevant under Rule 401 as to some issue ***other than the defendant's character***; and (2) it must have a probative value that substantially outweighs its prejudicial impact under Rule 403. *United States v. Beechum*, 582 F.23 898, 911-13 (5th Cir. 1978)(en banc); *United States v. Infante*, 404 F.3d 376, 388 (5th Cir. 2005). As already discussed, evidence of Bortz's subsequent arrests for assault does not satisfy either of these required prongs. Accordingly, any evidence of or testimony regarding Bortz's 2006 and 2010 assault arrests should be excluded.

        Respectfully submitted,

        MCKINNEY & COOPER, L.L.P.

By: /s/ Andrew T. McKinney IV
    **Andrew T. McKinney IV**
    State Bar No. 13716800
    Federal Bar No. 4237
    MCKINNEY & COOPER, L.L.P.
    Three Riverway, Suite 500
    Houston, Texas 77056
    mckinney@mckinneycooper.com
    Tel.: (713) 623-6868
    Fax: (713) 623-8222 – fax
    ATTORNEY IN CHARGE FOR
    DEFENDANT CHARLES BORTZ

## CERTIFICATE OF SERVICE

On June 8th, 2011, I certify that a copy of **Defendant Charles Bortz's Brief in Support of Motion in Limine to Exclude Evidence of Subsequent Assault Incidents** and was delivered to the following attorneys:

L. Todd Kelly
THE KELLY LAW FIRM, P.C.
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax (713) 523-5939

Daniel K. Hedges
PORTER & HEDGES, L.L.P.
1000 Main Street, 36th Floor
Houston, Texas 77002
Tel. (713) 226-6641
Fax (713) 226-6241

/s/ Andrew T. McKinney IV
**Andrew T. McKinney IV**