UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMIE LEIGH JONES | § | |
|                Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:07-CV-02719 |
| | § | |
| HALLIBURTON COMPANY d/b/a KBR KELLOGG BROWN & ROOT (KBR); KELLOGG BROWN & ROOT, SERVICES, INC.; KELLOGG BROWN & ROOT INTERNATIONAL, INC; KELLOGG BROWN & ROOT, LLC; KELLOGG BROWN & ROOT INC.; KELLOGG BROWN & ROOT, S. de R.L.; KELLOGG BROWN & ROOT (KBR), INC.; KBR TECHNICAL SERVICES, INC.; OVERSEAS ADMINISTRATIVE SERVICES, LTD.; ERIC ILER, CHARLES BORTZ; and SEVERAL JOHN DOE RAPISTS | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
|                Defendants. | § | |

<u>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT CHARLES BORTZ'S BRIEFS IN SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ASSAULT ARRESTS AND HIS OBJECTION TO "MUG SHOT" EVIDENCE</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Jamie Leigh Jones, the Plaintiff and Counter-Defendant in the above-cited case, files this Opposition to Charles Bortz', Defendant and Counter-Plaintiff, Motion *in Limine* and Objection to the introduction of evidence of his criminal history and his "mug shot" taken during the 2006 arrest, and respectfully moves the Court as follows:

**I.**

As this Court is aware, Charles Bortz ("Bortz") has filed a counter claim against Jamie alleging she defamed him in media interviews beginning in December 2007. *(See Defendant Charles Bortz' First Amended Answer and Counter-Claim)*. However, Bortz was

arrested twice for assaulting two different girlfriends and both of these incidents of domestic violence prompted investigating police officers to file assault charges against him. His first arrest occurred in 2006 and the second in 2010. Plaintiff intends to offer evidence of both arrests and publish his "mug shot" from the 2006 arrest to the jury.

In response, Bortz has filed a motion in limine arguing the evidence of his domestic violence assaults is not admissible because (1) the assaults are not probative of whether he raped Jamie, (2) such evidence is unduly prejudicial to him, and (3) the assaults are inadmissible under Rule 404(b) of the Federal Rules of Evidence. *(See* Bortz Motion in Limine).

He has also filed a brief in support of his objection that the "mug shot" taken on October 13, 2006 is inadmissible because (1) it cannot be authenticated as required under Fed.R.Evid. 901, (2) it is inadmissible under Rule 609 because it is not a felony conviction, and (3) its probative value is substantially outweighed by the prejudicial effect it will have upon the jury. *(See* Bortz' Brief in Support of His Objection to the Introduction of the Mug Shot).

Bortz himself admitted that in 2006 he was arrested for assaulting his girlfriend. As a result, he accepted a plea agreement whereby it was agreed that if he successfully completed an anger management class the prosecutor would dismiss the charge of assault. *(See* Deposition of Bortz, pg. 15.) He also admits that in 2010 he was arrested again for assaulting yet another girlfriend. It is not clear whether or not Bortz has pled guilty to any of the charges in this case, but he does admit he entered into a plea agreement to, again, complete anger management courses. *Id.*

**II.**

Under Rule 404, evidence of a person's character is generally not admissible to prove action in conformity. However, Rule 405(b) permits character evidence when character is "an essential element of a charge, claim or defense" then the party may offer evidence of specific instances of conduct. *Id.* at 1371. Defamation is one such claim where character evidence is an essential element. Specifically, if a counter-plaintiff is alleging damages to his reputation as a result of the counter-defendant's actions, the counter-plaintiffs reputation becomes an essential element to the claim. Such is the case here.

In *Schafer* v. *Time, Inc.,* 142 F.3d 1361 (11th Cir.), the defendant had published an article that incorrectly portrayed the plaintiff as a terrorist. The plaintiff sued the defendant for defamation and the court held that testimony of specific bad acts, including a felony conviction, possible violation of parole, driving under the influence convictions, arrest for writing a bad check, failure to file tax returns, failure to pay alimony and child support, and efforts made to change his name and social security number were admissible to prove the plaintiffs character under 405(b). *Id* at 1370-71.

In his brief, Bortz himself proves the ease with which one is able to access his mug shot. (See Brief at pg. 3). Anyone can go to http://florida.arrests.org and search "Charles Bortz" which produces the mug shot and the charges filed against him on October 13, 2006, at least one year prior to any of Jamie's public statements about the rape. Being that Bortz' arrest information and mug shot are public records, by definition this information is widely reported to the public.

Under Texas law, evidence of a libel plaintiff's diminished reputation has traditionally been allowed in mitigation of actual damage. *McBride v. New Braunfels Herald-Zeitung*, 894

S.W.2d 6, (Tex. App. - 3rd Dist. 1994 rehearing overruled, writ denied). Courts have found the doctrine particularly suitable when plaintiffs who are notorious for past criminal behavior assert that they have been libeled by communications charging them with identical or similar behavior. E.g., *Wynberg v.National Enquirer, Inc.*, 564 F.Supp. 924, 928–29 C.D.Cal.1982)*; Logan v. District of Columbia*, 447 F.Supp. 1328, 1332 (D.D.C.1978)*; Ray v. Time, Inc.*, 452 F.Supp. 618, 622 (W.D.Tenn.1976)*,* aff'd per curiam, 582 F.2d 1280 (6th Cir.1978)*; Cofield v. Advertiser Co.*, 486 So.2d 434, 435 (Ala.1986)*; Jackson v. Longcope*, 394 Mass. 577, 476 N.E.2d 617, 621 (1985).

In Texas, evidence of a libel plaintiff's diminished reputation has traditionally been allowed in mitigation of actual damage. Tex.Civ.Prac. & Rem.Code Ann. §73.003 (West 1986); *Bell Publishing Co. v. Garrett Eng'g Co.,* 141 Tex. 51, 170 S.W.2d 197, 203 (1943); *George Knapp & Co. v. Campbell,* 14 Tex.Civ.App. 199, 36 S.W. 765, 769 (1896); *Macfadden's Publications, Inc. v. Hardy,* 95 S.W.2d 1023, 1025 (Tex.Civ.App.—1936, writ ref'd).

To justify applying the doctrine, the evidence of record must show not only that the plaintiff engaged in criminal or anti-social behavior in the past, but also that his activities were widely reported to the public. *See Wynberg,* 564 F.Supp. at 928; *Jackson,* 476 N.E.2d at 620.

### III.

Jamie is not responsible for any damage to Bortz' reputation. His criminal history establishes that Bortz is responsible for damaging his own reputation. Bortz' domestic violence assaults are entirely probative of whether Jamie damaged his reputation. Clearly Bortz has manifested psychological problems that result in direct violence against women; specifically, women with whom he has a romantic interest. Bortz admitted he was attracted to Jamie. These

arrests are entirely probative to show that he frequently engages in violence against women - two arrests for domestic violence in such a short time period indicates a frequency of violence. Therefore, his actions alone damaged his reputation. The jury should be allowed to factor this evidence into its determination. Furthermore, Jamie must be allowed to defend herself against Bortz' defamation claim against her and she cannot do this effectively if she is not permitted to introduce evidence that goes directly to an element of the claim asserted by Bortz.

## IV.

Bortz claims that "few cases discuss the admissibility of mug shots in the trial of a civil matter, and none found do so in detail." *(See* Bortz Brief at 7) He goes on to cite several irrelevant cases that reviewed whether the court had violated a defendant's right to a fair trial under the 1st or 7th Amendments (see below):

> *(Bailey* v. *Systems Innovation, Inc.,* 852 F.2d 93 (3rd) (court denied the petition for mandamus on the basis that a public official's right to make statements to the media that could potentially interfere with a fair trial do not justify imposing restrictions on that official's speech unless there is a clear threat to the 7th Amendment right to a trial by jury. In addition, the court addressed whether petitioner had a "fair trial" after the trial judge instituted a gag order on "extrajudicial statements" in violation of the petitioner's first amendment rights.) *Chicago Council of Lawyers* v. *Bauer,* 522 F.2d 242 (7th) (Plaintiff contended that lawyers are entitled to full 1st Amendment rights and the "reasonable likelihood of interference with a trial" standard employed by the "no comment" rules was unconstitutional and should be restricted to situations in which there is a "clear and present danger of a serious and imminent threat to the administration of justice." The appellate court reversed and remanded and held that "only those comments that pose a 'serious and imminent threat' of interference with the fair administration of justice can be constitutionally proscribed.") *Davidson* v. *Riley,* 44 F.3d 1118 (2nd) (This case involves a §1983 claim by a prisoner against corrections officers, which was decided against the plaintiff, who was pro se. During the district court proceedings, the pro se plaintiff requested to be unshackled before the jury, because the jury would make inferences from seeing him "severely restrained" and would make it difficult for him to participate in the proceedings. The court denied his request without an evidentiary

hearing (which was also requested by the P) to determine the necessity of the shackles, and merely took the word of the corrections officers that the plaintiff needed to be in shackles. The court stated that "[f]orcing civil litigants to appear at a jury trial in manacles and other shackles may well deprive him of due process unless the restraints are necessary." Furthermore, it was not harmless error to require the pro se prisoner to appear in physical restraints before the jury where the primary issue for the jury to resolve was the plaintiff's credibility. The court further stated that "[t]he preferred procedure is for the trial judge to hold a brief hearing before trial at which the State may try to prove that restraints are necessary.")).

The probative value of his arrests is not substantially outweighed by potential to prejudice the Bortz. Bortz' has placed his reputation at issue by filing a counter claim of defamation, it is his burden to show that Jamie damaged his reputation. Jamie has a right to present evidence in defense of these allegations.

## CONCLUSION

For the foregoing reasons, Jamie respectfully requests that Bortz's Motion in Limine and Objection be denied and that Jamie be permitted to present his criminal history and his mug shot to the jury, or for any other relief, both legal and equitable, that Jamie may show herself justly entitled.

                                        ___/s/ L. Todd Kelly_____
                                               L. Todd Kelly

Respectfully submitted,

**THE KELLY LAW FIRM, P.C.**
L. Todd Kelly      (Lead Counsel)
Texas Bar No. 24035049

S.D. Tex. No. 724727
Heidi O. Vicknair
Texas Bar No. 24046557
S.D. Tex. No. 568715
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939
*todd@kellylawfirm.org*
*heidi@kellylawfirm.org*


**THE ESTEFAN FIRM**
Ron Estefan
Texas Bar No. 00785851
S.D. Tex. No. 16029
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939
*ron@justiceseekers.com*

**LAW OFFICE OF STEPHANIE MORRIS**
Stephanie M. Morris
27 S. Darlington Street
West Chester, Pennsylvania 19382
Tel. (610) 579-8053
Fax. (610) 410-8053
*stephanie@smorrislegal.com*

***ATTORNEYS FOR PLAINTIFF, JAMIE JONES***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record were served with true and correct copies of the attached Brief by ECF on this 17th day of June, 2011:

                                       __/s/ L. Todd Kelly_____
                                               L. Todd Kelly