# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMIE LEIGH JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:07-cv-2719** |
| | § | |
| **HALLIBURTON COMPANY D/B/A KBR** | § | |
| **KELLOGG BROWN & ROOT (KBR),** | § | |
| **ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

## JURY CHARGE AND VERDICT

## DEFINITIONS

For purposes of this Jury Charge:

"**Bortz**" shall mean Defendant Charles Bortz.

"**Defendants**" shall mean all of the defendants collectively in this case.

 "**KBR**" shall mean, collectively, Defendants Halliburton Company d/b/a KBR Kellogg Brown & Root, Kellogg Brown & Root Services, Inc., Kellogg Brown & Root International, Inc., Kellogg Brown & Root, LLC, Kellogg, Brown & Root, Inc., Kellogg Brown & Root, S. de R.L., KBR Technical Services, Inc., and Overseas Administrative Services,

 "**Plaintiff**" or "**Jones**" shall mean Plaintiff Jamie Leigh Jones.

**INSTRUCTION NO. 1**

**GENERAL INSTRUCTIONS**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You will soon hear the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not first decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

Except where otherwise indicated, you must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose.  You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of

2

common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

**SIGNED** in Houston, Texas on this the 7th day of July, 2011.

_____

KEITH P. ELLISON
U.S. DISTRICT JUDGE

**INSTRUCTION NO. 2**

**PUBLICITY DURING TRIAL**

      If there has been publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not consider anything you may have read or heard in the media, including the newspaper, Internet, television, or radio, about the case.

**INSTRUCTION NO. 3**

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**INSTRUCTION NO. 4**

**BIAS—CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**INSTRUCTION NO. 5**

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the Plaintiff has proven her claim against the Defendants by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled.  You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should or should not, win this case.  It is your task first to decide whether the Defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money from the Defendants.

## INSTRUCTION NO. 6

### IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at the trial.

## INSTRUCTION NO. 7

## DEPOSITION TESTIMONY

Certain testimony has been presented to you through depositions.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned some of the witnesses under oath.  A court reporter was present and recorded the testimony.  Some of these questions and answers were presented to you during trial.  The deposition testimony of these witnesses is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## JURY QUESTION NO. 1

## RAPE

Did Charles Bortz rape Jamie Leigh Jones, on or around July 27, 2005 and/or July 28, 2005?

A person commits a rape if he intentionally or knowingly causes the penetration of the anus, sexual organ, or mouth of another person by any means, without that person's consent.

A rape is without the consent of the other person if the other person has not consented and the actor knows the other person is unconscious or physically unable to resist.

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 1, then answer Question No. 2.  Otherwise, do not answer Question No. 2.

## JURY QUESTION NO. 2

### DAMAGES—ASSAULT

Consider the elements of damages listed below and none other.  Consider each element separately.  Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.  That is, do not compensate twice for the same loss, if any.  Do not include interest on any amount of damages you find.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, as a result of the conduct found in response to Question No. 1?

Answer in dollars and cents, if any:

      a.     Physical pain and mental anguish sustained in the past

                _____

      b.     Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future

                _____

      c.     Medical care expenses incurred in the past.

                _____

      d.     Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

                _____

      e.     Physical impairment and disfigurement in the past

                _____

f.      Physical impairment and disfigurement which, in all reasonable probability, will
        be suffered in the future.

        _____

g.      Loss of earnings in the past

        _____

h.      Loss of earning capacity which will be, in all probability, incurred in the future.

        _____

## INSTRUCTION NO. 8

## TITLE VII—SEXUAL HARASSMENT
## AND HOSTILE WORK ENVIRONMENT

It is unlawful for an employer to discriminate against an employee because of the employee's gender.  This includes sexual harassment.  Sexual harassment is unwelcome conduct that is based on a plaintiff's gender.

For KBR to be liable for sexual harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment.  To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including:  the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance.  There is no requirement that the conduct be psychologically injurious.

In determining whether a hostile work environment existed, you must consider the evidence from both Plaintiff's perspective and from the perspective of a reasonable person.  First, Plaintiff must actually find the conduct offensive.  Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended.  Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Sexual harassment may include extremely insensitive conduct because of gender.  Simple teasing, offhand comments, sporadic use of offensive language, occasional gender-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment.  Discriminatory intimidation, ridicule, sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature in the workplace may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether KBR knew or should have known of the harassment, Plaintiff must prove that (a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or (b) the harassment was so open and obvious that KBR should have known of it.

Prompt remedial action is conduct by KBR that is reasonably calculated to stop the harassment and remedy the situation.  Whether KBR's actions were prompt and remedial depends upon the particular facts, and you may look at, among other things, the effectiveness of any actions taken.

If you answered "Yes" to Question No. 1, then answer Question No. 3.  Otherwise, do not answer Question No. 3.

## JURY QUESTION NO. 3

### TITLE VII -- SEXUAL HARASSMENT AND
### HOSTILE WORK ENVIRONMENT

Was Jamie Leigh Jones sexually harassed by one or more of her coworkers at Camp Hope in Iraq in late July 2005?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 3, then answer Question No. 4.  Otherwise, do not answer Question No. 4.

## JURY QUESTION NO. 4

## TITLE VII -- SEXUAL HARASSMENT AND
## HOSTILE WORK ENVIRONMENT

Did KBR know, or in the exercise of reasonable care should KBR have known, that Jamie Leigh Jones was being sexually harassed by one or more of her coworkers at Camp Hope in Iraq in late July 2005?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 4, then answer Question No. 5.   Otherwise, do not answer Question No. 5.

**JURY QUESTION NO. 5**

**TITLE VII -- SEXUAL HARASSMENT AND
HOSTILE WORK ENVIRONMENT**

Did KBR fail to take prompt remedial action to stop the sexual harassment of Jamie Leigh Jones by one or more of her coworkers at Camp Hope in Iraq in late July 2005?

Answer "Yes" or "No."

_____

# INSTRUCTION NO. 9

## TITLE VII DAMAGES

If you found that KBR violated Title VII, then you must determine whether KBR has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

Plaintiff must prove her damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others:  (1) economic loss, which includes back pay and benefits; and (2) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had she remained an employee of KBR, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, KBR proves by a preponderance of the evidence, Plaintiff received in the interim.

There is no exact standard for determining compensatory damages.  You are to determine an amount that will fairly compensate Plaintiff for any injury she has sustained.  Do not include as compensatory damages back pay or interest on back pay and/or benefits.

If you answered "Yes" to Question No. 5, then answer Question No. 6.  Otherwise, do not answer Question No. 6.

## JURY QUESTION NO. 6

## TITLE VII DAMAGES—COMPENSATORY

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found the KBR Defendants caused Plaintiff as a result of the conduct found in response to Question No. 3?

Answer in dollars and cents for the following items and none other:

Back pay and benefits:

_____

Emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

_____

**JURY QUESTION NO. 7**

**FRAUD IN THE INDUCEMENT TO ENTER THE EMPLOYMENT CONTRACT**

Did KBR commit fraud against Jamie Leigh Jones by inducing her to enter into the employment contract?

Fraud occurs when:

(a) a party makes a material misrepresentation; and

(b) the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion; and

(c) the misrepresentation is made with the intention that it should be acted on by the other party; and

(d) the other party relies on the misrepresentation and thereby suffers injury.

A "misrepresentation" means a false statement of fact.

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 7, then answer Question No. 8.  Otherwise, do not answer Question No. 8.

## JURY QUESTION NO. 8

### DAMAGES—FRAUD IN THE INDUCMENT TO ENTER THE EMPLOYMENT CONTRACT

Consider the elements of damages listed below and none other.  Consider each element separately.  Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.  That is, do not compensate twice for the same loss, if any.  Do not include interest on any amount of damages you find.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, as a result of the conduct found in response to Question No. 7?

Answer in dollars and cents, if any:

a.      Physical pain and mental anguish sustained in the past

_____

c.      Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future

_____

c.      Medical care expenses incurred in the past.

_____

d.      Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

_____

e.      Physical impairment and disfigurement in the past

_____

f.      Physical impairment and disfigurement which, in all reasonable probability, will
        be suffered in the future.

        _____

g.      Loss of earnings in the past

        _____

i.      Loss of earning capacity which will be, in all probability, incurred in the future.

        _____

If you have found any damages in Question 2, then answer the following question. Otherwise do not answer the following question.

## JURY QUESTION NO. 9

## EXEMPLARY DAMAGES AS TO CHARLES BORTZ

Do you find by clear and convincing evidence that the harm to Jamie Leigh Jones caused by Charles Bortz resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

(a) a specific intent by Charles Bortz to cause substantial injury to Jamie Leigh Jones; or

(b) an act or omission by Charles Bortz:

i. which, when viewed objectively from the standpoint of Charles Bortz at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

ii. of which Charles Bortz had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

If your answer to Question 9 is "Yes," then answer the following question. Otherwise do not answer the following question.

## JURY QUESTION NO. 10

What sum of money, if any, if paid now in cash, should be assessed against Charles Bortz and awarded to Jamie Leigh Jones as exemplary damages, if any, for the conduct found in response to Question 1?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarded exemplary damages, if any, are—

(a) the nature of the wrong;
(b) the character of the conduct involved;
(c) the degree of culpability of Charles Bortz;
(d) The situation and sensibilities of the parties concerned;
(e) The extent to which such conduct offends a public sense of justice and propriety; and
(f) The net worth of Charles Bortz.

Answer in dollars and cents, if any.

Answer: $_____

If you have found any damages in Question 8, then answer the following question. Otherwise do not answer the following question.

## JURY QUESTION NO. 11

## EXEMPLARY DAMAGES AS TO KBR

Do you find by clear and convincing evidence that the harm to Jamie Leigh Jones caused by KBR resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

(a) a specific intent by KBR to cause substantial injury to Jamie Leigh Jones; or

(b) an act or omission by KBR:

> i. which, when viewed objectively from the standpoint of KBR at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> ii. of which KBR had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

If your answer to Question 11 is "Yes," then answer the following question. Otherwise do not answer the following question.

## JURY QUESTION NO. 12

What sum of money, if any, if paid now in cash, should be assessed against KBR and awarded to Jamie Leigh Jones as exemplary damages, if any, for the conduct found in response to Question 7?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarded exemplary damages, if any, are—

(a) the nature of the wrong;
(b) the character of the conduct involved;
(c) the degree of culpability of KBR;
(d) The situation and sensibilities of the parties concerned;
(e) The extent to which such conduct offends a public sense of justice and propriety; and
(f) The net worth of KBR.

Answer in dollars and cents, if any.

Answer: $_____

## **CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

I certify that the jury was unanimous in answering the following questions:

Answer "All" or list questions:  _____

_____
PRESIDING JUROR

_____
PRINTED NAME OF PRESIDING JUROR