IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMIE LEIGH JONES § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> HALLIBURTON COMPANY d/b/a § <br> KBR KELLOGG BROWN & ROOT § <br> (KBR); KELLOGG BROWN & ROOT, § <br> SERVICES, INC.; KELLOGG § <br> BROWN & ROOT INTERNATIONAL, § <br> INC.; KELLOGG BROWN & ROOT, § <br> LLC; KELLOGG BROWN & ROOT, § <br> INC.; KELLOGG BROWN & ROOT, § <br> S. de R.L.; KELLOGG BROWN & § <br> ROOT (KBR), INC.; KBR § <br> TECHNICAL SERVICES, INC.; § <br> OVERSEAS ADMINISTRATIVE § <br> SERVICES, LTD.; ERIC ILER, § <br> CHARLES BORTZ; and SEVERAL § <br> JOHN DOE RAPISTS § <br> § <br> Defendants. § <br> § | CIVIL ACTION NO. 4:07-CV-02719 <br><br><br><br> JURY TRIAL DEMANDED |

## THE KBR DEFENDANTS' APPLICATION FOR COSTS

Halliburton Company d/b/a KBR Kellogg Brown & Root (KBR), Kellogg Brown & Root Services, Inc., Kellogg Brown & Root International, Inc., Kellogg Brown & Root, LLC, Kellogg, Brown & Root, Inc., Kellogg Brown & Root, S. de R.L., KBR Technical Services, Inc., and Overseas Administrative Services (the "KBR Defendants") file this Application for Costs and in support thereof would respectfully show the Court as follows:

I.
SUMMARY

As the prevailing parties on all claims asserted by Plaintiff Jamie Leigh Jones ("Jones"), the Court should award the KBR Defendants $145,073.19 in costs pursuant to Federal Rule of

2446790v1

Civil Procedure 54(d)(1), Southern District of Texas Local Rule 54.2, and Title 28, Section 1920, of the United States Code.

## II.
## STATEMENT OF FACTS

Jones asserted the following causes of action against the KBR Defendants in this lawsuit: negligence, negligent undertaking, sexual harassment and hostile work environment under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), retaliation under Title VII, breach of contract, fraud in the inducement to enter the employment contract, fraud in the inducement to agree to arbitration, intentional infliction of emotional distress, and false imprisonment. Docket No. 53, Plaintiff's Fourth Amended Complaint.

On May 24, 2011, the Court granted summary judgment to the KBR Defendants on Jones' negligence, negligent undertaking, retaliation, breach of contract, intentional infliction of emotional distress, and false imprisonment claims. Docket No. 212, May 24, 2011 Memorandum and Order.

On July 6, 2011, the Court granted a directed verdict to the KBR Defendants on Jones' fraud in the inducement to agree to arbitrate, fraudulent inducement by non-disclosure to enter into the employment contract, and vicarious liability/respondeat superior claims.

On August 3, 2011, following the jury's July 8, 2011 verdict, the Court signed the judgment for Bortz and the KBR Defendants on Jones' remaining claims of assault and battery, sexual harassment under Title VII, and fraudulent inducement by misrepresentation to enter into the employment contract. The Court specifically ordered that "Jones take nothing and recover nothing in her lawsuit against the KBR Defendants or Defendant Charles Bortz." Docket No. 352. The judgment was entered by the Court on August 5, 2011.

## II.
## ARGUMENT & AUTHORITY

The Court should award costs to the KBR Defendants as the prevailing parties. The KBR Defendants file this Application for Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Southern District of Texas Local Rule 54.2. Under Rule 54(d)(1), "costs—other than attorney's fees—*should* be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1) (emphasis added). The KBR Defendants prevailed on all claims Jones asserted against them in this case. As such, the Court should award the KBR Defendants their costs.

Section 1920 of Title 28 of the United States Code enumerates the following specific costs to which a prevailing party is entitled:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In defending themselves against Jones' claims in this lawsuit, the KBR Defendants have incurred a total of $145,073.19 in statutorily authorized costs. The Bill of Costs is attached as Exhibit A and the Affidavit of Susan E. Cates (Exhibit A-1), Summary of Taxable Costs (Exhibit A-2), and relevant invoices (Exhibit A-3) are attached thereto. Specifically, as indicated in the Bill of Costs, the KBR Defendants have incurred total costs of $59,508.43 for fees for printed or

electronically recorded transcripts necessarily obtained for use in the case; $13,395.91 for fees and disbursements for printing; $14,868.85 for fees for witnesses; and $57,300.00 for fees for the court appointed expert Dr. Victor Scarano. 28 U.S.C. § 1920; *see also Evert Fresh Corp. v. Pactiv Corp.*, No. 4:09-cv-1936, 2011 WL 2672353, at *2-3 (S.D. Tex. July 7, 2011) (finding that court reporter appearance fees and expedited transcripts were also recoverable as taxable costs).

In *Evert Fresh Corp.*, this Court found that the defendant was justified in recovering costs for expedited transcripts because the hearing transcripts were necessary for meeting court deadlines and for supporting its planned motion for costs, rather than merely for the convenience of its counsel. *Id.* at *2. Similarly, the KBR Defendants' expedited transcripts were necessary for responding to several arguments raised during trial, including, but not limited to, ongoing argument and reconsideration of Plaintiff's Motion in Limine, Plaintiff's Reconsideration of Motion to Exclude Dr. John Irwin as an Expert, the KBR Defendants' Motion for Judgment as a Matter of Law, the KBR Defendants' Renewed Motion for Judgment as a Matter of Law, the KBR Defendants' Supplemental Brief in Support of Motion to Exclude "Me Too" Witnesses, the KBR Defendants' Second Bench Brief in Support of Their Motion to Exclude "Me Too" Witnesses, verifying trial stipulations made between counsel, several unanticipated bench conferences, and responding to contradictory and inconsistent statements made for the very first time in trial, despite prior deposition testimony. The expedited transcripts identified in Exhibit A-2 were not requested merely for the convenience of the KBR Defendants' counsel.

Additionally, Jones' Title VII claims in this lawsuit were frivolous, unreasonable, and groundless and Jones continued to litigate after it clearly became so. The KBR Defendants incorporate by reference their Application and Motion for Attorneys' Fees Pursuant to Title VII

filed today. Furthermore, Jones' attorney unreasonably and vexatiously multiplied the proceedings in this case by continuing to pursue Jones' frivolous claims after July 10, 2010. The KBR Defendants incorporate by reference their Application and Motion for Attorneys' Fees From Todd Kelly Pursuant to 28 U.S.C. § 1927 filed today. The facts and arguments set forth in those motions demonstrate that Jones continued to litigate this case in bad faith after it was clear that there was no evidence in support of her claims against the KBR Defendants.

The KBR Defendants, as the prevailing parties, are entitled to $145,073.19 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1), Southern District of Texas Local Rule 54.2, Title 28, Section 1920, of the United States Code, and the case law cited herein.

## PRAYER

The KBR Defendants respectfully request that the Court award them costs of $145,073.19 for successfully defending Jones' claims against them, and request such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**PORTER HEDGES LLP**

By: *Daniel K. Hedges* w/ perm.
               SEC
Daniel K. Hedges
State Bar No. 09369500
Federal ID No. 1671
**Attorney-in-Charge**
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6641 telephone
(713) 226-6241 facsimile

**OF COUNSEL:**

**PORTER HEDGES, LLP**
Joanne M. Vorpahl
State Bar No. 20619950
Federal ID No. 777
Susan E. Cates
State Bar No. 24044932
Federal ID No. 621240
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6601 telephone
(713) 226-6201 facsimile

**ATTORNEYS FOR THE
KBR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I discussed the KBR Defendants' Application for Costs with Plaintiff's counsel, Heidi Vicknair, who indicated that Plaintiff is opposed to the Application for Costs.

*Susan E. Cates*
Susan E. Cates

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of August, 2011, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

L. Todd Kelly
Heidi Vicknair
The Kelly Law Firm, P.C.
One Riverway, Suite 1150
Houston, Texas 77056

Stephanie M. Morris
Attorney at Law
1660 L Street, N.W., Suite 506
Washington, D.C. 20036

Andrew T. McKinney IV
Sharon E. Cullen
McKinney & Cooper
Three Riverway, Suite 500
Houston, TX 77056

*Susan E. Cates*
Susan E. Cates