UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMIE LEIGH JONES, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 4:07-cv-2719 |
| | § |
| HALLIBURTON COMPANY D/B/A KBR | § |
| KELLOGG BROWN & ROOT (KBR), | § |
| ET AL. | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

Pending before the Court are an Application for Costs (Doc. No. 353), a Motion for Attorneys' Fees (Doc. No. 354), and a Motion for Attorneys' Fees from L. Todd Kelly and the Kelly Law Firm, P.C. (Doc. No. 355). These motions were filed by Defendants Halliburton Company d/b/a KBR Kellogg Brown & Root (KBR), Kellogg Brown & Root, Services, Inc., Kellogg Brown & Root International, Inc., Kellogg Brown & Root, LLC, Kellogg Brown & Root, Inc., KBR Technical Services, Inc., and Overseas Administrative Services, Ltd. (collectively, the "KBR Defendants" or "KBR"). After reviewing the KBR Defendants' motions, the responses, and the applicable law, the Court finds that the Application for Costs must be GRANTED, and that both motions for attorneys' fees must be DENIED.

**I.  BACKGROUND**

This lawsuit arose out of events that allegedly occurred while Plaintiff Jamie Leigh Jones ("Plaintiff" or "Jones") was employed by the KBR Defendants. Jones'

claims in this case were related to her alleged sexual assault by Defendant Charles Bortz, and the subsequent retaliation allegedly imposed by the KBR Defendants. As against the KBR Defendants, Jones asserted claims for negligence, negligent undertaking, sexual harassment and hostile work environment under Title VII, retaliation under Title VII, breach of contract, fraud in the inducement to enter an employment contract, fraud in the inducement to agree to arbitration, intentional infliction of emotional distress, and false imprisonment. (Pl. Am. Compl., Doc. No. 53.) On May 24, 2011, the Court granted summary judgment to KBR on Jones' negligence, negligent undertaking, retaliation, breach of contract, intentional infliction of emotional distress, and false imprisonment claims. (Doc. No. 212.) On July 6, 2011, the Court granted KBR a directed verdict on Jones' claims for fraud in the inducement to agree to arbitrate, fraud in the inducement by non-disclosure to enter into an employment contract, and respondeat superior liability.

The Court presided over a bench trial which began on June 13, 2011 and ended on July 7, 2011. On July 8, the jury found in favor of all defendants, including KBR. On August 3, 2011, the Court signed a judgment for KBR on Jones' claims of sexual harassment under Title VII and fraudulent inducement to enter into an employment contract by misrepresentation. The Court entered judgment on August 5, 2011.

## II.    APPLICATION FOR COSTS

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." The KBR Defendants are the prevailing party under Rule 54(d)(1). Section 1920 of Title 28 of the United States Code enumerates a list of specific costs which may be recovered by the prevailing party. These costs include:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, and expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the Application for Costs, the KBR Defendants indicate that their total costs amount to $145,073.19. In support of this figure, the KBR Defendants provide an affidavit of KBR attorney Susan E. Cates, a summary of the taxable costs, and invoices documenting the costs. Specifically, the KBR Defendants incurred $59,508.43 in transcript fees; $13,395.91 in fees for printing; $14,868.85 in witness fees; and $57,300 in fees for the court appointed expert in this case. KBR indicates—and Plaintiff's Response does not contest—that the expedited transcripts in this case were "necessary for meeting court deadlines and for supporting [KBR's] planned motion for costs" and that these transcripts were not ordered "for the convenience of [KBR's] counsel." (Doc. No. 353, at 4.) Because the KBR Defendants' costs fall within the recoverable costs enumerated in 28 U.S.C. § 1920, the Court finds that KBR's Application for Costs must be granted.

### III.   MOTION FOR ATTORNEYS' FEES

The KBR Defendants also move for an award of attorneys' fees under Title VII, which authorizes courts to award prevailing parties "a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000(e)-5(k). A plaintiff may be liable for a defendant's attorneys' fees under Title VII if the court finds that the plaintiff's

claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate her claim after it clearly became so. *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 422 (1978). A plaintiff's bad faith in bringing or continuing to pursue a Title VII claim provides an even stronger basis for awarding attorneys' fees to a defendant. *Id.*

### A. Title VII Sexual Harassment and Hostile Work Environment Claims

The jury's consideration of Jones' Title VII sexual harassment and hostile work environment claims was predicated on a finding that Jones was raped by Defendant Charles Bortz.[1] Because the jury concluded that Jones was not raped by Charles Bortz, it did not consider the sexual harassment and hostile work environment claims. In its Motion for Attorneys' Fees, KBR cites Jones' lack of evidence regarding her alleged rape and the changes to her story over the past six years as proof that her story was fabricated. As support, KBR notes that Jones "herself claims that she does not remember what happened the night of July 27, 2005 or the early morning of July 28, 2005." (Doc. No. 353, at 8.) For these reasons, the KBR Defendants argue, her discrimination claims are "not only frivolous, unreasonable, and groundless, but also … brought … in bad faith." (*Id.* at 10.) The Court cannot agree.

The fact that Jones presented prima facie claims of sexual harassment and hostile work environment highlights the impropriety of an award of attorneys' fees in this case. *See, e.g.*, *Skinner v. San Felipe Del Rio Consol. Indep. Sch. Dist.*, 95 F. App'x 717, 718 (5th Cir. 2004) (not selected for publication) (considering the presentation of a prima facie case as a relevant factor in determining frivolity). Though this Court did not issue an opinion denying Defendant's Motion for Judgment as a Matter of Law on Plaintiff's

---

[1] During trial the Court found that, aside from the alleged rape, Jones had not presented sufficient evidence to meet the Fifth Circuit's standard on harassment. (July 6, 2011 Tr. 195: 6-16.)

4

sexual harassment and hostile work environment claims (Doc. No. 326), its refusal to grant this motion reflected its belief that Jones had presented a prima facie case which should go to the jury. While the flaws in Plaintiffs' testimony may have strengthened KBR's arguments and lent to its ultimate success in this case, they do not indicate frivolity or bad faith so as to justify the imposition of attorneys' fees. Indeed, if such flaws were indicative of frivolity, then many unsuccessful rape victims would be subject to attorney's fees in civil cases, regardless of the merits of their claims.[2]

### B. Title VII Retaliation Claim

As to the Title VII retaliation claim, KBR argues that Jones litigated this claim "long after the Court…granted summary judgment" in favor of KBR. The Court disagrees. While Jones' trial testimony included a discussion of many of the facts which made up her retaliation claim, the mere mention of those facts in trial does not constitute improper litigation of the retaliation claim. Rather, the facts which established the basis for Jones' retaliation claim were an integral part of Jones' narrative; they were central to her case and proper for discussion at trial. As Jones' retaliation claim was not "litigated" after the Court's grant of summary judgment in favor of KBR, KBR's Motion for Attorneys' Fees for litigating Jones' retaliation claim must be denied.

### IV. MOTION FOR ATTORNEYS' FEES FROM L. TODD KELLY

The KBR Defendants also move for attorneys' fees from Plaintiff's attorney, L. Todd Kelly, and the Kelly Law Firm, P.C., for pursuing Jones' retaliation claims despite

---

[2] Rape trauma syndrome, a well-recognized pattern of symptoms used to describe the emotional and psychological responses that a person may experience before, during, or after a rape, includes the inability to form clear and vivid memories of the event. *See* Morrison Torrey, *When Will We Be Believed? Rape Myths & The Idea of a Fair Trial in Rape Prosecutions*, 24 U.C. Davis L. Rev. 1013, 1044 & n. 150 (1991). *See also* Arthur H. Garrison, *Rape Trauma Syndrome: A review of Behavioral Science Theory and Its Admissibility in Criminal Trials*, 23 Am. J. Trial Advoc. 591, 618-22 (2000).

the fact that such claims had not been administratively exhausted, and for pursuing other claims on behalf of Jones "after it was clear that they were frivolous." (Doc. No. 355, at 6.) Section 1927 of Title 28 of the United States Code authorizes the imposition of sanctions in the form of attorneys' fees and costs against an attorney who engages in improper litigation conduct. 28 U.S.C. § 1927. The Fifth Circuit has explained that Section 1927 sanctions are penal in nature, and must be strictly construed so as to avoid "dampen[ing] the legitimate zeal of an attorney in representing his client." *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1415 (5th Cir. 1994). Before a court imposes sanctions under Section 1927, then, it must find that "the offending attorney's multiplication of the proceedings was both 'unreasonable' and 'vexations;' evidence of recklessness, bad faith, or improper motive must be present." *Id.* (internal citation omitted).

The Court does not find that Mr. Kelly's pursuit of Jones' retaliation claim justifies the imposition of sanctions. In determining whether a Title VII plaintiff has properly exhausted administrative remedies, the Fifth Circuit "interprets what is properly embraced in review of a Title-VII claim somewhat broadly," and considers "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (citing *Sanchez v. Standard Brands*, Inc., 431 F.2d 455, 466 (5th Cir. 1970)). Further, a court must engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789. Thus, while this Court ultimately found that Jones' retaliation claim was not properly exhausted, it cannot agree that pursuing such a claim evidenced

6

recklessness, bad faith, or improper motive on the part of Mr. Kelly. Rather, in light of the Fifth Circuit's broad interpretation of administrative exhaustion of Title VII claims, Mr. Kelly's pursuit of this claim demonstrated "legitimate zeal" which sanctions under Section 1927 would improperly dampen.

The KBR Defendants also seek attorneys' fees for Mr. Kelly's litigation of other purportedly frivolous claims. Though Mr. Kelly may have pursued claims for which there was weak evidence, the Court simply cannot find that Mr. Kelly's actions rose to the level of being both unreasonable and vexatious. Ultimately, the Court concludes that sanctions against Mr. Kelly would have the improper effect of "dampen[ing] the legitimate zeal of an attorney in representing his client." *Travelers*, 38 F.3d at 1415. KBR's Motion for Attorneys' Fees against Todd Kelly therefore must be denied.

## V. CONCLUSION

For the reasons stated above, The KBR Defendants' Application for Costs is **GRANTED**. The motions for attorneys' fees and for attorneys' fees from L. Todd Kelly and the Kelly Law Firm, P.C. are **DENIED**. The KBR Defendants shall recover $145,073.19 in taxable costs.

**IT IS SO ORDERED**.

**SIGNED** this 26th day of September, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE